CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 04, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JAH'SIR NA'IL JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00924 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RED ONION STATE PRISON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Ja'sir Na'il Jackson, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action by completing a 42 U.S.C. § 1983 complaint form, alleging that prison officials failed to protect him from an assault by other inmates and subsequently denied him medical treatment. Upon review, I conclude that certain claims must be dismissed under 28 U.S.C. § 1915A(b)(1), and the remaining claims will be served.

## I. JACKSON'S COMPLAINT.

Jackson was "viciously beaten and stabbed" by three inmates who entered his cell on March 25, 2025, between 2:00 and 4:00 p.m. at Red Onion State Prison. Compl. 2, Dkt. No. 1. He claims that defendant correctional officer Foster was "working the booth on A123 side" and allowed these inmates to enter his cell, even though they were "supposed to be locked in their assigned cell just like [he] was." *Id.* at 2–3. After the attack, Jackson claims that defendant major Hall "allowed those

inmates back into population, and around [him]," further endangering his safety. *Id.* at 3.

Jackson subsequently requested medical treatment; however, he contends that defendant correctional officer Fuller repeatedly denied his requests and stated, "stop crying and be a big boy" although he was "bleeding from [his] face, head, neck, and hands." *Id.* at 4. Jackson states that he did not receive medical attention until around 10:00 that night.

Based upon these allegations, Jackson asserts that the defendants should be held liable under theories of reckless endangerment and negligence.

## II. DISCUSSION.

Pursuant to 28 U.S.C. § 1915A, upon review of a civil action initiated by a prisoner, courts may "identify cognizable claims or dismiss the complaint, or any portion of the complaint" should it be determined that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Jackson presents his claims under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against

a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). I conclude that certain defendants and claims must be summarily dismissed for Jackson's failure to state a claim upon which relief may be granted.

First, Jackson has named Red Onion State Prison as a defendant, but the prison does not qualify as a "person" who may be sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983); *see also Arrington v. Mullins*, No. 7:22-cv-00743, 2025 WL 918166, at *5 (W.D. Va. Mar. 26, 2025) (concluding that "Red Onion State Prison is not a 'person' subject to suit under Section 1983"). Therefore, Jackson's claims will be dismissed against this defendant.

Second, Jackson has named David Anderson as a defendant presumably based on his supervisory role as the prison's warden. However, "vicarious liability is inapplicable to . . . § 1983 suits," therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or

constructive knowledge that subordinate[s]' misconduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an affirmative causal link" existed between the defendant's inaction and the plaintiff's constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). Moreover, a court cannot hold a supervisory official liable for failing to prevent constitutional violations by others if that official had no notice of a risk that such types of violations would occur. *Cadmus v. Williamson*, No. 5:15-CV-00045, 2016 WL 929279, at *26 (W.D. Va. Feb. 1, 2016), *R&R adopted*, No. 5:15-CV-045, 2016 WL 1047087 (W.D. Va. Mar. 10, 2016).

Here, other than naming Anderson as a defendant, Jackson has not asserted any factual allegations against Anderson in the body of the Complaint. Anderson cannot be held liable for the alleged actions of subordinate correctional officers without an allegation of Anderson's personal involvement, which Jackson has not pled. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Jackson has not set forth any facts that would suggest that Anderson would have had any knowledge that the named correctional officers' alleged

misconduct would pose any risk of injury to Jackson. There were no facts alleged regarding any prior instances that would have placed Anderson on notice of such risk and Anderson cannot be held liable for failing to prevent harm when he had no foreknowledge of the risk that harm would occur. *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (determining that a supervisor cannot be held liable without evidence that he was aware of issues before an alleged incident). From a reading of the facts as pled, it appears the incident at issue was a one-time occurrence and "[o]rdinarily, [the plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents." *Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)). Because Jackson fails to present facts stating the necessary elements of a § 1983 claim against Anderson related to the incident at issue, Anderson must be dismissed as a party to this lawsuit.

Finally, Jacksons' claims for negligence and reckless endangerment will be dismissed. Although Jackson labels his claim against defendant Fuller as negligence, "[n]egligence . . . does not constitute a claim under § 1983." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Instead, "the standard for § 1983 liability is deliberate indifference to serious medical needs." *Id.* Therefore, Jackson's negligence claims will be dismissed, and his allegations against Fuller will go forward under the deliberate indifference standard.

Similarly, reckless endangerment is a criminal offense enhancement and is not actionable under § 1983, which provides a mechanism for prisoners alleging that their civil rights have been violated. *See United States v. Hale*, 834 F. App'x 789, 791 (4th Cir. 2020) ("A reckless endangerment enhancement applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.") (citing 18 U.S.C. § 3C1.2). Rather, Jackson's allegations regarding the conduct of defendants Foster and Hall sound in a failure to protect claim under the Eighth Amendment, and will be so construed. *See*, *e.g.*, *Shydiq v. Harler*, No. 1:11cv394 (GBL/TCB), 2012 WL 488264, at *4 (E.D. Va. Feb. 13, 2012) (construing a claim for "endangerment" as a § 1983 claim for failure to protect). Accordingly, Jackson's reckless endangerment claims will be dismissed, and his allegations against Foster and Hall will go forward under the failure to protect standard.

## III. CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1. Jackson's claims against defendants Red Onion State Prison and Warden David Anderson are DISMISSED, and the Clerk will terminate them as parties to this case;

2. Jackson's claims for reckless endangerment and negligence are DISMISSED, and will go forward instead under applicable Eighth Amendment standards for failure to protect and deliberate indifference;

3. The Clerk will cause notice of this action pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service as to the remaining defendants, Foster, Fuller, and Hall, who may respond only to Jackson's claims for failure to protect and deliberate indifference;

4. The court having previously assessed a filing fee in this case, and Jackson having returned an executed Inmate Consent to Withholding form, Jackson is granted leave to proceed in forma pauperis to the extent Jackson will not pay for service of process and may pay the filing fee via installments;

5. The Clerk is directed to forward a copy of Jackson's signed consent to withholding form to the Trust Accounts Officer at Jackson's current place of confinement;

6. The collection of the filing fee shall commence. The Trust Accounts Officer at Jackson's current place of confinement, and at all subsequent places of confinement, is hereby authorized to collect the fees as agreed to by Jackson on the signed consent form, and to remit such fees in

accordance with 28 U.S.C. § 1915(b). The Trust Accounts Officer at Jackson's present institution is requested to place the signed consent to withholding form in Jackson's file so that it might accompany the inmate in the event of his transfer. Should Jackson be transferred to another institution, the balance due for the civil action will be inserted in Jackson's file so that the appropriate officer at the next institution will remit the debt owed to the Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, Virginia 24011-2208. The Trust Accounts Officer is requested to reference the case number of this action on payments sent to the court;

7. The parties are advised that briefs, motions, and responses thereto shall be filed in compliance with the Federal Rules of Civil Procedure and the court's Local Rules;

8. Jackson shall notify the court immediately upon his release or transfer and shall provide his new address. Failure to notify the court of such a change of address in writing will result in the dismissal of this case; and

9. The parties are advised that pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

ENTER: November 4, 2026

/s/ JAMES P. JONES
Senior United States District Judge